Prepared By:
Michael Jones, CA Bar No. 271574
M. Jones & Associates, PC
505 North Tustin Ave, Suite 105
Santa Ana, CA 92705
Telephone: (714) 795-2346
Facsimile: (888) 341-5213
Email:  mike@MJonesOC.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS ESTUARDO CASTANEDA,<br><br>          Plaintiff,<br><br>v.<br><br>ALLIED COLLECTION SERVICES OF CALIFORNIA, LLC, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>          Defendants | Case No.     8:17-cv-1617<br><br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL<br><br><br>COUNT 1: Fair Debt Collection Practices Act, 15 USC 1692 et seq.<br><br><br>COUNT 2: Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code 1788 et seq. |

# **INTRODUCTION**

1.      This is an action for damages brought by Douglas Estuardo Castaneda (hereinafter "Plaintiff"), an individual consumer, for violations by Allied Collection Services of California, LLC (hereinafter "Defendant"), and DOES 1 through 10, of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      The true name and capacities, whether individual, corporate, or associate, or otherwise of Defendants named herein DOES 1 through 10, inclusive, each of the them are unknown to Plaintiff who therefore sues said Defendant by such fictitious names, and Plaintiff will amend this complaint to state the true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon allege that each fictitious Defendant designated herein as a DOE was responsible, negligently or in some other actionable manner for the events and happenings referred to herein which proximately caused injury to Plaintiff as hereinafter alleged.

3.      Defendant Allied Collection Services of California, LLC, and Defendants named herein DOES 1 through 10, inclusive, are hereinafter collectively referred to as "Defendants".

4.      In Calif. Civil Code § 1788.1 (a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.
> It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

5.      In 15 U.S.C. 1692, the United States Congress made the following findings and purpose in creating the Fair Debt Collection Practices Act:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. …

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

6.    Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## **JURISDICTION & VENUE**

8.    Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

9.    This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, CAL CIV CODE § 1788 et. seq., ("RFDCPA"), in their illegal efforts to collect a consumer debt.

10.    Venue is proper in this District because the Defendant may be found in this District, and some of the acts and transactions occurred in this District.

## **PARTIES & DEFINITIONS**

11.    Plaintiff, Douglas Estuardo Castaneda, is a natural person residing in Orange County in the state of California.

12.    Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is therefore both a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) of the FDCPA, and is also therefore a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

13.    At all relevant times herein, Allied Collection Services of California, LLC, (hereinafter "Defendant" or "Allied") was a company engaged, by use of the mails and telephone, in the business of collecting a

debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f).

14.    Defendant is a debt collection company that continuously and systematically engages in its business of collecting debts in the state of California, and using telephone numbers within California. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

15.    Defendant maintains a registered agent, Robert James Colclough III, and may be served through their registered agent at 9301 OAKDALE AVE STE 205, Chatsworth, CA 91311.

16.    The true names and capacities of defendants named herein as DOES 1 through 10 inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such defendants under fictitious names. Plaintiff is informed and believes, and thereon allege, that these defendants, DOES 1 through 10, are in some manner or capacity, and to some degree, legally responsible and liable for the wrongs of which Plaintiff complains. Plaintiff will amend his complaint to allege the true names and capacities of these DOE defendants once they are ascertained. On information and belief, Plaintiff makes all allegations

contained in this complaint against all defendants, including DOES 1 through 10, inclusive.

17.    At all times herein mentioned, each Defendant was an agent, servant, employee and/or joint venturer of each of the remaining Defendants, and was at all times acting within the course and scope of such agency, service, employment, and/or joint venture, and each Defendant has ratified, approved, and authorized the acts of each of the remaining defendants with full knowledge of said acts.

18.    Upon information and belief, Defendant was attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(e) of the Rosenthal Act, as well as a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19.    Because Plaintiff is a natural person allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

20.     Plaintiff is informed and believes that Defendant is one who regularly collects or attempts to collect debts on behalf of themselves or others, and is therefore a "debt collector" within the meaning of Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

21.     At various and multiple times prior to the filing of this complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

22.     On July 9, 2007, LVNV Funding, LLC, filed a civil lawsuit in the Superior Court of California, County of Orange, captioned LVNV Funding, LLC, v. Douglas Castaneda, Case Number 07HL03021 (hereinafter "the 2007 lawsuit").  A copy of the 2007 lawsuit is attached hereto as Exhibit A.

23.     The 2007 lawsuit was allegedly served upon Douglas Castaneda at 21622 Marguerite Pkwy #215, Mission Viejo, California, 92692.  The Plaintiff is unfamiliar with this address, has never lived at this

address, and has no connection to this address.   A copy of the proof of service for the 2007 lawsuit is attached hereto as Exhibit B.

24.    The Plaintiff was completely unaware of the 2007 lawsuit until he personally went to the clerk of the Superior Court of California, County of Orange, and obtained a copy of the pleadings in the case on or about 21 August 2017 as further detailed *infra*.

25.    On 15 February 2017, LVNV Funding, LLC, filed an Application for and Renewal of Judgment which sought to renew the judgment entered in the 2007 lawsuit for another 10 years (hereinafter "the renewal application").  A copy of the renewal application is attached hereto as Exhibit C.

26.    The renewal application was allegedly mailed to Douglas Castaneda at 24902 Stem Ave, Apt 54, Lake Forest, CA, 92630.  This address is similar to the address for Plaintiff's parents, although it is not his parents address.  The Plaintiff has never lived at this address, nor has he lived at his parent's address that is similar to this address at any time since 2004.

27.    The Plaintiff was completely unaware of the renewal application until he personally went to the clerk of the Superior Court of

California, County of Orange, and obtained a copy of the pleadings in the case on or about 21 August 2017 as further detailed *infra*.

28.    On 15 August 2017, Plaintiff found out that his bank account at Chase Bank had been completely emptied of all funds—a total of $1,063.00  When Plaintiff inquired with his bank about what had happened, Plaintiff was told that they had taken the $1,063.00 from his account pursuant to a levy to collect on the judgment issued in the 2007 lawsuit that had been renewed through the renewal application.  The bank further advised Plaintiff to contact the West Covina Sheriff for more details, and the bank provided him with a copy of the pleadings the bank had been served that initiated the bank levy (hereinafter "the levy pleadings").  A copy of the levy pleadings is attached hereto as Exhibit D.

29.    On or about 15 August 2017, Plaintiff called the West Covina Sheriff for more details about the bank levy.  The Sheriff advised him that they were collecting on the judgment issued in the 2007 lawsuit that had been renewed through the renewal application.  The Sheriff further advised Plaintiff that he could contact the judgment creditor at the phone number on the levy pleadings.

30.    On 15 August 2017, Plaintiff contacted Allied Collection Services of California, LLC, (hereinafter "Allied") at the phone number on

the levy pleadings-- 818-906-0120 (hereinafter "the 15 August Allied call").

During the 15 August Allied call, Plaintiff advised Allied that he disputed

the debt, did not know anything about a judgment against him, advised

that he owed no such account that they were collecting, and stated that if

there was such a debt it was likely incurred by fraud or ID theft.

31.    During the 15 August Allied call, after advising Allied that the

account was not his, Allied offered to email Plaintiff paperwork he could

use to document that a fraud may have occurred.  Plaintiff provided them

with his email address of castenadadouglas949@gmail.com during the 15

August Allied call.

32.    Also during the 15 August Allied call, for some reason

completely unknown to Plaintiff, Allied asked Plaintiff twice if he was Felix

Castenada during the call.

33.    On 17 August 2017, Plaintiff called Allied again and left them

his correct mailing address of 22159 Rimhurst Drive, Unit 54, Lake Forest,

CA 92630 (hereinafter "the 17 August 2017 Allied call").

34.    On 21 August 2017, Plaintiff met with his attorney who advised

him to go to the Courthouse and pull a copy of the original complaint for

the 2007 lawsuit, which he did.  Once Plaintiff reviewed the pleadings, he

found out for the first time that the 2007 lawsuit had been filed against

Douglas Castenada on 9 July 2007.  He also learned about the renewal

application by reviewing the pleadings filed in the case that he obtained

from the Clerk of the Superior Court of California, County of Orange.

35.    On 21 August 2017, Plaintiff provided Allied with a sworn

declaration that denied any knowledge of the 2007 lawsuit, advised that he

may have been the victim of identity theft or fraud, advised of his proper

address, advised of his proper email address, and stated that he had not

received anything at all by mail related to the 2007 lawsuit from anyone,

ever.

36.    On 23 August 2017, Allied sent Plaintiff's attorney a copy of a

letter addressed to the Los Angeles County Sheriff that stated "we ask that

you please terminate all legal" (sic) and "give notice to the employer and/or

bank on file please hold the Writ of Execution for full term".  A copy of this

letter is attached hereto as Exhibit E.

37.    The Plaintiff has lost a great deal of work while trying to resolve

the bank levy and get his funds returned.  Between 22 August 2017 and 26

August 2017, Plaintiff had to cancel contracts with third parties which

Plaintiff could not fulfill because of the time Plaintiff had devoted to

resolving the bank levy pay.  As a direct consequence of the cancelled

contracts, Plaintiff paid $1,008.00 in wages to his employees for which he

received no benefit, and lost an additional $670.00 of anticipated profits from the cancelled contracts.

38.    In addition to the cancelled contracts, Plaintiff lost three days of work with his job trying to resolve the bank levy.  This resulted in 30 hours of lost work at $18.75 per hour, for a total loss of $562.50 directly related to Plaintiff's efforts at resolving the bank levy.

39.    As of the date of the filing of this above captioned case, the bank levy has not ended, nor has the bank returned the $1,063.00 of Plaintiff's funds that were captured in the 15 August bank levy.

40.    As of the date of the filing of this above captioned case, Plaintiff has still not received anything by mail or email from Allied.

41.    As of the date of the filing of this above captioned case, Plaintiff has never been served with the 2007 lawsuit.

42.    As of the date of the filing of this above captioned case, Plaintiff has still never received any mail related to the 2007 lawsuit or collection of the 2007 lawsuit from anyone, ever, including Allied.

43.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a. FDCPA § 1692e(2)(A)- A debt collector may not use any false, deceptive, or misleading representation or means in

connection with the collection of any debt. This provision was violated because the 2007 lawsuit was never served on the Plaintiff, and as such, representations that the suit was personally served on the Plaintiff at an address with no connection to the Plaintiff were completely false.

b. FDCPA § 1692e(11)- A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: the failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.  This provision was violated because Allied did not disclose in the initial communication with the Plaintiff that Allied was attempting to

collect a debt and that any information obtained will be used for that purpose,

c. FDCPA § 1692g(a)(l)- Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the amount of the debt.  This provision was violated because the initial communication between Plaintiff and Allied occurred on 15 August 2017, substantially more than 5 days from the filing of this above captioned action, and no written notice has ever been sent by Allied to the Plaintiff, nor was this information is contained in the initial communication with Plaintiff.

d. FDCPA § l692g(a)(2)- Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing the name of the creditor to whom the

debt is owed.  This provision was violated because the initial communication between Plaintiff and Allied occurred on 15 August 2017, substantially more than 5 days from the filing of this above captioned action, and no written notice has ever been sent by Allied to the Plaintiff, nor was this information is contained in the initial communication with Plaintiff.

e.  FDCPA § I692g(a)(3)- Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.  This provision was violated because the initial communication between Plaintiff and Allied occurred on 15 August 2017, substantially more than 5 days from the filing of this above captioned action, and no written notice has ever been sent by Allied to the Plaintiff, nor was this

information is contained in the initial communication with
Plaintiff.

    f.  FDCPA § 1692g(a)(4)- Within five days after the initial
communication with a consumer in connection with the
collection of any debt, a debt collector shall, unless the
following information is contained in the initial communication
or the consumer has paid the debt, send the consumer a
written notice containing a statement that if the consumer
notifies the debt collector in writing within the thirty-day period
that the debt, or any portion thereof, is disputed, the debt
collector will obtain verification of the debt or a copy of a
judgment against the consumer and a copy of such verification
or judgment will be mailed to the consumer by the debt
collector.  This provision was violated because the initial
communication between Plaintiff and Allied occurred on 15
August 2017, substantially more than 5 days from the filing of
this above captioned action, and no written notice has ever
been sent by Allied to the Plaintiff, nor was this information is
contained in the initial communication with Plaintiff.

g. FDCPA § 1692g(a)(5)- Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.  This provision was violated because the initial communication between Plaintiff and Allied occurred on 15 August 2017, substantially more than 5 days from the filing of this above captioned action, and no written notice has ever been sent by Allied to the Plaintiff, nor was this information is contained in the initial communication with Plaintiff.

h. FDCPA § 1692g(b)- If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that (he consumer requests the name and address of the original creditor, the debt collector shall cease collection

of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.  This provision was violated because no verification of the debt has ever been sent by Allied to the Plaintiff, yet the funds seized by the bank levy are still being withheld from the Plaintiff.

44.    As a result of the above violations of the FDCPA and the RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress. Plaintiff attempted to seek counseling or therapy for the emotional distress and mental anguish described above but was not able to.

45.    Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

# CAUSES OF ACTION

## COUNT I:
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

46.     Plaintiff reincorporates by reference all of the preceding paragraphs.

47.     The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

48.     To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

49.     As a result of Defendant violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount according to proof; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

# COUNT II:

## VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

50.     Plaintiff reincorporates by reference all of the preceding paragraphs.

51.     To the extent that the Defendant's actions, counted above, violated the FDCPA, they are necessarily violations of the California Rosenthal Act via Calif. Civ. Code 1788.17.

52.     Defendant's conduct as described herein violated the RFDCPA § 1788.17 which mandates that every debt collection collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692d to 1692j, and shall be subject to the remedies in Section 1692k of Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d and § 1692d(5).

53.     As a result of the Defendant's illegal conduct, Plaintiff has suffered emotional distress and mental anguish.

54.     Defendant is liable to Plaintiff for actual damages in an amount according to proof, statutory damages, punitive damages (if the evidence at trial so warrants), actual costs, and attorneys' fees, under the RFDCPA.

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant as follows:

## **COUNT 1:**

### **Fair Debt Collection Practices Act**

a) for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff in an amount according to proof;

b) for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

c) for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

d) and such further relief as the Court deems just and proper.

## **COUNT 2:**

### **Rosenthal Fair Debt Collection Practices Act**

a) For an award in favor of Plaintiff and against Defendant pursuant to the RFDCPA for Plaintiff's actual damages in an amount according to proof;

b) For an award of statutory damages for willful and negligent violations of the RFDCPA in an amount not less than $1,000.00;

c) For an award of Plaintiff's costs incurred in this litigation pursuant to the RFDCPA;

d) For an award of Plaintiff's reasonable attorney's fees pursuant to the RFDCPA;

e) And such further relief as the Court deems just and proper.

Dated this 12 September 2017.

**M Jones and Associates, PC**
Attorneys for Plaintiff

Michael Jones

## **JURY DEMAND**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, and Fed.R.Civ.P. 38, Plaintiff is entitled to, and demands, a trial by jury.


Dated this 12 September 2017.

**M Jones and Associates, PC**
Attorneys for Plaintiff


Michael Jones

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA      )
                         )
COUNTY OF ORANGE         )

Pursuant to 28 U.S.C. § 1746, Plaintiff Douglas Estuardo Castaneda, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1.   I am a Plaintiff in this civil proceeding.

2.   I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.   I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.   I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.   I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.   Each and every exhibit I have provided to my attorneys, copies of which may be attached to this Complaint, is a true and correct copy of the original.

7.   Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any

exhibit that may be attached hereto, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____   3 /   1 7
                        Month                Day        Year

_____
Signature